UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
D.A., *an infant by his Father and Natural Guardian*, AMAURYS ALMARANTE,

                           Plaintiff,

                    -v-

TARGET CORPORATION and TAWANA BETHEA,

                         Defendants.
---------------------------------------------------------------X

16-CV-8991 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff D.A. is an infant, and his father, Amaurys Almarante, brought this action on his behalf against Defendants Target Corporation ("Target") and its employee Tawana Bethea, alleging negligence in the upkeep of a Target store that caused D.A. to fall and sustain injuries. (Dkt. No. 1, Ex. A ("Compl.") ¶¶ 2-23.) D.A. first filed this case in the Supreme Court of the State of New York, Bronx County. (Dkt. No. 1 ¶ 1.) Target thereafter removed the action to this Court based on diversity jurisdiction on November 18, 2016. (*Id.* at 7.).

      Target concedes that, as captioned, the parties are *not* completely diverse: Defendant Bethea, like Plaintiff D.A., is a resident of the state of New York. (*Id.* ¶ 9.) But Target contends that this Court nevertheless has jurisdiction because Bethea was fraudulently joined. (*Id.* ¶¶ 9, 21.) D.A., for his part, vigorously maintains that Bethea is a proper party and has filed a motion to remand the case to state court. (Dkt. No. 16.) For the reasons that follow, the motion to remand is granted.

1

I.  **Legal Standard**

Federal district courts have original jurisdiction over cases "between . . . citizens of different states," where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  "Diversity jurisdiction under § 1332(a) 'requires complete diversity between all plaintiffs and defendants.'"  *Wachtell, Lipton, Rosen, & Katz v. CVR Energy, Inc.*, 18 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (quoting *Pampillonia v. RJR Nabisco Inc.*, 138 F.3d 459, 460 (2d Cir. 1998)).

Fraudulent joinder "requires the court to disregard the presence of a [party] who is not a 'real party in interest,'" where that party would defeat diversity jurisdiction.  *Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000) (quoting *Blakeman v. Conroy*, 512 F. Supp. 325, 327 (E.D.N.Y. 1981)).  When a defendant argues for diversity jurisdiction based on fraudulent joinder, it "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court."  *Pampillonia*, 138 F.3d at 461.  "This is so when 'the allegations in the plaintiff's pleading . . . are shown to be so clearly false and fictitious that no factual basis exists for an honest belief on the part of plaintiff that there is liability—in short that the joinder is without any reasonable basis in fact and is made without any purpose to prosecute the cause in good faith . . . .'"  *In re Rezulin Prod. Liab. Litig.*, 133 F. Supp. 2d 272, 281 (S.D.N.Y. 2001) (alterations in original) (quoting *Metro. Prop. & Cas. Ins. Co. v. J.C. Penney Cas. Ins. Co.*, 780 F. Supp. 885, 888 (S.D.N.Y. 1991)).  "The defendant seeking removal bears a heavy burden of proving fraudulent join[d]er, and all factual and legal issues must be resolved in favor of the plaintiff."  *Pampillonia*, 138 F.3d at 461.

## II. Discussion

Target's theory of fraudulent joinder boils down to an argument that Bethea, a Target employee, was not responsible for the conditions that caused injury to D.A. and that she did not owe a duty to D.A. (Dkt. No. 1 ¶¶ 10-22.) Thus, Target argues, there is no claim against Bethea.

To that end, Target first argues that D.A. fails to allege a sufficient factual basis that Bethea "created" the unsafe condition at the Target store (clothing strewn on the floor). (*Id.* ¶ 20.) But the complaint plainly alleges that, on the date in question, Bethea "fail[ed] to keep and maintain" the area of the store where D.A. fell and that she caused the premises to be unsafe. (Compl. ¶ 20.) In fact, D.A. named Bethea in this action based on Target's own disclosures (before the case was filed), which identified Bethea as the relevant on-duty employee. (Dkt. No. 11, Ex. B.)

D.A. thus *has* alleged a factual basis that Bethea was personally involved in creating the hazardous condition in the area of the Target store where D.A. was injured. And the Court is obligated at this stage and in this posture to take D.A.'s representations as true and draw all inferences in his favor. *See Pampillonia*, 138 F.3d at 461. Given Target's heavy burden to make out fraudulent joinder, *see id.*, D.A. has done enough to allege a non-fraudulent claim against Bethea with respect to her responsibility for the unsafe condition at the store.

Target further argues that Bethea did not owe any duty to D.A. Target contends that Bethea was operating solely as a Target employee and, further, that the allegations against her amount to *in*action or "nonfeasance," which, without more, does not constitute a breach of any duty to a store patron. (Dkt. No. 12-4 ¶ 37-38.) (In making this argument, Target acknowledges

that employees *can*, under certain circumstances, be directly liable to patrons for their actions. (*Id.*))

But D.A. has a different view of the case: Target identified Bethea as the individual responsible for the area of the store where D.A. sustained his injuries (Dkt. No. 11, Ex. B); Bethea's actions, therefore, created the dangerous condition; and she is liable for her own malfeasance. The complaint includes some factual allegations evincing this theory—that Bethea was responsible for "keep[ing] and maintain[ing]" the premises "in a safe and proper condition," and that she caused it to "become and remain dangerous and unsafe," directly leading to D.A.'s injuries. (Compl. ¶ 20.)

In light of these allegations and given that federal courts, when considering fraudulent joinder claims, are warned not to evaluate "whether Plaintiffs are likely to succeed on the[ir] claims on the merits," *see MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 396 (S.D.N.Y. 2009) (collecting cases), the Court declines to find Bethea's joinder to be fraudulent. The Court is particularly moved by the fact that Target identified Bethea as the relevant employee (Dkt. No. 11, Ex. B), and that, as Target impliedly concedes, there *are* circumstances in which employees, as well as their employers, can be liable for torts (Dkt. No. 12-4 ¶¶ 37-38). As such, the Court cannot conclude that Bethea's joinder is "without *any* reasonable basis in fact and is made without *any* purpose to prosecute the cause in good faith." *In re Rezulin Prod. Liab. Litig.*, 133 F. Supp. 2d at 281 (emphasis added) (quoting *Metro. Prop. & Cas. Ins. Co.*, 780 F. Supp. at 888).

Because the Court finds that joinder of Bethea was not fraudulent, the parties are not completely diverse. As a result, the Court concludes that it lacks subject matter jurisdiction over this matter and, further, that the case must be remanded to state court.[1] *See* 28 U.S.C. § 1332(a).

## III. Conclusion

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case. The motion to remand the action is accordingly GRANTED.

The case is remanded to New York State Supreme Court, Bronx County.

The Clerk of Court is directed to close the motion at Docket Number 16 and to close the case on this Court's docket.

SO ORDERED.

Dated: May 15, 2017
  New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] The Court need not reach D.A.'s arguments, in the alternative, that Target's notice of removal was not filed in a timely manner and that the case does not satisfy the amount-in controversy requirement. The Court further does not need to address whether these arguments themselves were made in a timely fashion.